ROLWING–MOXLEY CO., a
corporation, Appellant,

v.

UNITED STATES, Appellee.

No. 78-1461.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 14, 1978.

Decided Dec. 20, 1978.

* The Honorable TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

James E. Reeves of Ward & Reeves, Caruthersville, Mo. (argued), and L. D. Joslyn, Charleston, Mo., on brief, for appellant.

William S. Estabrook, III, Atty., Tax Div., Dept. of Justice, Washington, D. C. (argued), Gilbert E. Andrews, Leonard J. Henzke, Jr., and M. Carr Ferguson, Asst. Atty. Gen., Washington, D. C., and Robert D. Kingsland, U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before ·HEANEY and ROSS, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

---

PER CURIAM.

In 1965 plaintiff Rolwing-Moxley Company, Elot H. Raffety Farms, Inc., Missouri corporations, and L. D. Joslyn, attorney for Raffety Farms and a director and shareholder of Rolwing-Moxley, orally agreed to establish a Mexican enterprise, El Sombrero Sociedad de Responsibilidad Limitada (El Sombrero) which would farm cotton in Mexico. The partners agreed that Raffety Farms would own a one-half interest in the enterprise and plaintiff and Joslyn would each own one-fourth interests. In 1966 and 1967 the partners advanced a total of $444,-000 to El Sombrero in the following shares: Raffety Farms—$222,000, plaintiff and Joslyn—$111,000 each.

El Sombrero suffered financial reverses and eventually collapsed. Plaintiff subsequently sought to deduct the sums it had extended to El Sombrero as "bad debts" under 26 U.S.C. § 166(a)(1) of the Internal Revenue Code, or alternatively as operating losses deductible under 26 U.S.C. § 165(a) or ordinary business expenses, 26 U.S.C. § 162(a). The Internal Revenue Service (IRS) disallowed the deductions, and plaintiff sought a refund.

The district court [1] agreed with the IRS that plaintiff had received an equitable interest in El Sombrero proportionate to the sums advanced and that the advances, rather than "debt," were contributions to capital, deductible as capital losses under 26 U.S.C. 165(f).

The relationship among the partners has been considered by this court in *Raffety Farms, Inc. v. United States*, 511 F.2d 1234 (8th Cir.), *cert. denied*, 423 U.S. 834, 96 S.Ct. 57, 46 L.Ed.2d 52 (1975), in which this court held that Raffety Farms' contribution to El Sombrero represented a capital asset and its losses were deductible only as capital losses. Plaintiff, however, distinguishes its arrangement with El Sombrero from that of Raffety Farms. Of the partners only plain-

---

* The Honorable TALBOT SMITH, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

1. The Honorable James H. Meredith, Chief United States District Judge for the Eastern District of Missouri.

tiff received notes evidencing its purported loan to El Sombrero. On its checks issued to El Sombrero, its notes receivable ledger and its financial statement, plaintiff characterized the advances as loans and notes receivable.

The district court, in determining that the amounts extended by plaintiff did not qualify as bona fide debts arising from a debtor-creditor relationship, relied on the guidelines set forth in *United States v. Uneco, Inc.*, 532 F.2d 1204, 1208 (8th Cir. 1976). Plaintiff's notes contained no fixed maturity date or provision for interest. The advances were unsecured, and repayment was predicated entirely upon the venture's financial success. Plaintiff in fact received no interest or payment of any part of the principal. Plaintiff's contribution was proportionate to its ownership interest in the enterprise, and even if the purported loan had been repaid, plaintiff would have continued to receive a one-fourth interest in El Sombrero's profits. El Sombrero was under-capitalized and had to seek additional financing from Cook and Company. Plaintiff's advances were subordinate to El Sombrero's debt to Cook and Company. Moreover, excerpts from the minutes of a meeting among plaintiff's officers in May 1965 are suggestive of intent to invest capital in the Mexican association.

We note, in addition, the testimony of plaintiff's partners in the district court. When asked whether his understanding of the arrangement entitled plaintiff (as a creditor of El Sombrero) to "get its money out of this venture before [Joslyn] got [his] money out," L. D. Joslyn stated, "Absolutely not. * * * I understood that we, as close as we were together, would operate that thing and keep money in there as long as was necessary until we had capital to operate and take money out when we thought it was provident and businesslike to do so."

Elot Raffety testified that had El Sombrero earned a profit in 1966 of $100,000, the sum would have been divided among the partners according to their contributions, i. e., 50 percent to Raffety Farms and 25 percent to plaintiff and Joslyn. There was no indication that plaintiff's partners intended plaintiff's advances to be repaid before the others received a share of the profits or that they intended plaintiff to receive the amount of $111,000 as well as its share of the profits.

Accordingly, we affirm on the basis of Judge Meredith's well-reasoned opinion.